UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Jerrod Burt,                                          File No. _____

           Plaintiff,

v.                                                    **COMPLAINT AND
                                                      JURY DEMAND**

City of Minneapolis, and
John Doe, in His/Her Individual
and Official Capacities,

           Defendants.

_____

For his Complaint against Defendants, Plaintiff Jerrod Burt states and alleges as follows:

**Introduction**

1.      This action arises out of serious burn injuries Plaintiff Jerrod Burt ("Plaintiff" or "Mr. Burt" herein) sustained when Defendant John Doe, a sworn officer with the Minneapolis Police Department, detonated a flash-bang grenade inside Mr. Burt's motor vehicle on March 2, 2020.

2.      Pursuant to federal and state law, Mr. Burt is entitled to recover damages and such other relief as will redress Defendants' unlawful and excessive use of force against him.

**Parties**

3.      Jerrod Burt is a resident of Hennepin County, Minnesota.

4.      Defendant City of Minneapolis is a municipality located in Hennepin County, Minnesota. At all times relevant herein, Defendant City of Minneapolis acted through its

employees and agents acting within the course and scope of their employment and under color of law.

5.    Defendant John Doe is a sworn peace officer employed by the City of Minneapolis Police Department, and is sued in his/her individual and official capacities. Defendant John Doe's identity is not currently known to Plaintiff, but, upon information and belief, is known to Defendant City of Minneapolis.

### Jurisdiction and Venue

6.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1343(a)(3), 28 U.SC. § 1331, and 28 U.S.C. § 1367.

7.    Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b).

### Facts

8.    On March 2, 2020, Mr. Burt was occupying his motor vehicle in Minneapolis. At the time of the events alleged herein, Leonard Sampson was a passenger in the front seat of Mr. Burt's vehicle and Mr. Burt was providing Mr. Sampson transportation to a relative's residence.

9.    At approximately 4:30 p.m. that day, Mr. Burt was lawfully parked on the side of the road at or near 1100 Van White Memorial Boulevard in Minneapolis. Without warning, Defendant John Doe launched a flash-bang grenade at Mr. Burt's vehicle. The grenade shattered the rear window and detonated against Mr. Burt's body, causing him severe burn injuries.

10.    Upon information and belief, the grenade employed was a 12-gram powder device manufactured by Defense Technology. The company specifically warns in writing

that "improper use of the distraction device unit can result in death or serious bodily injury."

11.    After deploying the grenade, law enforcement officers pulled Mr. Burt and Mr. Sampson from the vehicle. While being initially treated at the back of an ambulance on scene, Mr. Burt asked one of the officers what was going on. In response, the officer informed Mr. Burt that the incident had nothing to do with him.

12.    Mr. Burt was then transported by ambulance to the emergency department at Hennepin County Medical Center for treatment of his injuries.

13.    No evidence of any illegal activity was recovered from Mr. Burt's person or vehicle by law enforcement officers.

14.    Upon information and belief, Defendant John Doe's use of force was in connection with an attempt to arrest or search Mr. Sampson, for whom law enforcement officers had a search warrant that had been issued on February 28, 2020.

15.    An application for the search warrant, also dated February 28, 2020, requested permission to search Mr. Sampson, and to enter and search Mr. Sampson's residence located more than one mile from the scene of the incident.

16.    The search warrant application sets forth allegations regarding non-violent drug offenses by Mr. Sampson as the justification for the search.

17.    Neither the search warrant nor the application mention Mr. Burt, Mr. Burt's vehicle, or Mr. Burt's residence.

18.     The application requested permission, and the warrant granted permission, to enter Mr. Sampson's residence by way of a daytime unannounced entry. The warrant did not authorize the unannounced entry of any other residence or vehicle.

3

19.     At the time Defendant John Doe deployed the grenade into Mr. Burt's vehicle, neither he nor any other law enforcement officers had reason to believe Mr. Sampson or Mr. Burt would react violently to law enforcement's execution of the warrant. No reasonable officer would have believed Mr. Sampson or Mr. Burt would have acted in a violent manner.

20.     Furthermore, any reasonable officer would have known that Mr. Burt was an innocent occupant of his own vehicle at the time Defendant John Doe deployed the grenade. Defendant John Doe in fact had reason to know Mr. Burt was an innocent occupant of his vehicle.

21.     Upon information and belief, deployment of the flash-bang grenade was in violation of duties imposed under official policies of the Minneapolis Police Department.

22.     Upon information and belief, the Minneapolis Police Department and Defendant City of Minneapolis maintained at all times relevant herein a policy, custom, or practice of deploying flash-bang grenades in circumstances prohibited by federal and state law.

23.     Mr. Burt sustained extensive second and third degree burns to his right arm and chest as a result of the incident.

24.     Mr. Burt continues to treat, and medical expenses remain to be determined.

25.     Mr. Burt has and will continue to suffer general damages as a result of the incident and his injuries, including past and future pain and suffering, emotional distress, and permanent disfigurement.

26.     Mr. Burt, through counsel, submitted a request and multiple follow-up inquiries to Defendant City of Minneapolis for public government data under Minn. Stat.

§ 13.82, subd. 2, including but not limited to the identities of all officers involved in the March 2nd incident. Defendant City of Minneapolis has failed to provide such data.

27.    Mr. Burt therefore brings the following claims for relief.

**Count I**
**Excessive Force in Violation of Plaintiff's Fourth Amendment Rights**

28.    Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

29.    Defendant John Doe, acting under color of law and within the course and scope of his/her employment with the Minneapolis Police Department and Defendant City of Minneapolis, used force to search and seize Mr. Burt on March 2, 2020, when he/she deployed and detonated a flash-bang grenade inside Mr. Burt's vehicle.

30.    Such use of force was unreasonable and reckless, and violated Mr. Burt's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

31.    As a result of Defendant John Doe's violation of Mr. Burt's constitutional rights, Mr. Burt sustained serious injuries and damages including disfigurement, pain and suffering, emotional distress, and ongoing medical expenses.

32.    Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to compensatory damages in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00, and punitive damages under federal law in an amount to be determined at trial and reasonably believed to exceed $5,000,000.00.

**Count II**
**Policy, Custom, and Practice of Unlawful Use of Force (*Monell* Claim)**

33.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

34.     Upon information and belief, Defendant City of Minneapolis maintained at all relevant times herein a policy, custom, or practice of deploying flash-bang grenades without first ascertaining: a) whether the target suspect presents a risk to officer safety; or b) whether there are innocent bystanders who may be injured by the grenade detonation.

35.     Upon information and belief, Defendant City of Minneapolis has not taken any steps to incorporate into its police training or policies concerning the deployment of flash-bang grenades the clearly established law regarding such deployment, as set forth in *Z.J. v. Kansas City Board of Police Commissioners et al.*, 931 F.3d 672 (2019) and other cases.

36.     Upon information and belief, "Policy 5-503 – Diversionary/Distraction Devices" was the official written policy of Defendant City of Minneapolis regarding the deployment of flash-bang grenades at all times relevant herein.

37.     Upon information and belief, Policy 5-503 has not been updated since August 16, 2007.

38.     Defendant City of Minneapolis maintained at all times relevant herein a policy, custom, or practice of deploying flash-bang grenades in violation of the Fourth Amendment rights of people in the city.

39.     Such policy, custom, or practice was a direct and proximate cause of the unconstitutional actions alleged herein.

40.     Such unconstitutional policy, custom, or practice existed, and continued as of March 2, 2020, as a direct result of the willful or reckless failures of Defendant City of Minneapolis and its agents.

41.     Mr. Burt sustained serious injuries and damages including disfigurement, pain and suffering, emotional distress, and ongoing medical expenses, as a direct and proximate result of such unconstitutional policy, custom, or practice.

42.     Pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), Mr. Burt is therefore entitled to compensatory damages in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00, and punitive damages under federal law in an amount to be determined at trial and reasonably believed to exceed $5,000,000.00.

**Count III**
**Negligence and Willful Disregard of Duty (State Tort Claim)**

43.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

44.     Upon information and belief, Defendant John Doe had mandatory, ministerial, and/or discretionary duties under relevant department policies to ascertain prior to deployment of a flash-bang grenade: a) whether the target suspect presents a risk to officer safety; and b) whether there are innocent bystanders who may be injured by the grenade detonation.

45.     Defendant John Doe breached these duties when he/she deployed the flash-bang grenade into Mr. Burt's vehicle. Such breaches were the result of Defendant John Doe's negligence and willful disregard of duty.

46.     Mr. Burt sustained injuries as a result of such breaches.

47.     Mr. Burt therefore seeks recovery against Defendant John Doe for compensatory damages in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00.

48.     Defendant City of Minneapolis is vicariously liable on a *respondeat superior* basis for Defendant John Doe's violations of state tort law, as Defendant John Doe was within the course and scope of his/her employment at all times relevant herein.

**Count IV**
**Violation of the Minnesota Government Data Practices Act**

49.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

50.     Pursuant to the Minnesota Government Data Practices Act (MGDPA), the data specified under Minn. Stat. § 13.82, subd. 2, including but not limited to the identities of all involved law enforcement officers, is public data.

51.     Mr. Burt requested such data pertaining to the events alleged herein from Defendant City of Minneapolis.

52.     Defendant City of Minneapolis has not complied with Mr. Burt's request for such data.

53.     Defendant City of Minneapolis's failure to comply with Mr. Burt's request constitutes a violation or violations of the MGDPA.

54.     Such violation(s) were intentional - Mr. Burt's request was properly submitted, receipt of the request was acknowledged, and Mr. Burt submitted multiple written follow-up inquiries to which Defendant City of Minneapolis has not responded.

55.     As a result of Defendant City of Minneapolis's violation(s), Mr. Burt is entitled to relief pursuant to Minn. Stat. § 13.08, including compensatory damages, costs

and reasonable attorney fees, and exemplary damages in the amount of $15,000.00 per violation.

## Jury Demand

56.     Plaintiff demands a trial by jury on all counts herein, and on any other counts which may hereafter be alleged.

## Prayer for Relief

WHEREFORE, Plaintiff Jerrod Burt respectfully requests the Court grant the following relief:

1.      Findings that Defendants City of Minneapolis and John Doe violated Mr. Burt's Fourth Amendment rights and are liable to Mr. Burt for his damages and other monetary relief as alleged herein, pursuant to 42 U.S.C. § 1983;

2.      Findings that Defendant John Doe is liable on Mr. Burt's state tort claim, that Defendant City of Minneapolis is vicariously liable for the same, that Defendants are jointly and severally liable, and that Defendants are liable to Mr. Burt for his damages and other monetary relief as alleged herein;

3.      Findings that Defendant City of Minneapolis violated the Minnesota Government Data Practices Act and is liable to Mr. Burt for his damages and other monetary relief as alleged herein;

4.      An award to Mr. Burt for compensatory damages, in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00;

5.      An award to Mr. Burt for punitive damages pursuant to federal law, in an amount to be determined at trial and reasonably believed to exceed $5,000,000.00;

6.      Leave to amend the Complaint to allege punitive damages pursuant to state law;

7.      An award to Mr. Burt for attorney fees pursuant to 42 U.S.C. § 1988;

8.      An award to Mr. Burt for attorney fees, exemplary damages, and other items/costs pursuant to the Minnesota Government Data Practices Act;

9.      An award to Mr. Burt for the costs and expenses incurred in bringing this action, and for prejudgment and post-judgment interest; and

10.     Any further and additional relief the Court deems just and equitable.


                                    Respectfully Submitted,

                                    MESHBESHER & ASSOCIATES, P.A.


Dated:  __May 14, 2020___            __s/ Steven J. Meshbesher_____
                                    Steven J. Meshbesher (# 127413)
                                    Richard E. Student (#390266)
                                    225 Lumber Exchange Building
                                    10 South Fifth Street
                                    Minneapolis, MN 55402
                                    Phone: (612) 332-2000
                                    *Attorneys for Plaintiff*