UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Jerrod Burt, | File No. 20-CV-01165 (DSD/KMM) |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT AND JURY DEMAND** |
| City of Minneapolis, and Dustin Schwarze, in His Individual and Official Capacities, | |
| Defendants. | |

_____

For his Amended Complaint against Defendants, Plaintiff Jerrod Burt states and alleges as follows:

## Introduction

1. This action arises out of serious burn and psychological injuries Plaintiff Jerrod Burt ("Plaintiff" or "Mr. Burt" herein) sustained when Defendant Dustin Schwarze, a sworn officer with the Minneapolis Police Department, detonated a flash-bang grenade inside Mr. Burt's motor vehicle on March 2, 2020.

2. Pursuant to federal and state law, Mr. Burt is entitled to recover damages and such other relief as will redress Defendants' unlawful and excessive use of force against him.

## Parties

3. Jerrod Burt is a resident of Hennepin County, Minnesota.

4. Defendant City of Minneapolis is a municipality located in Hennepin County, Minnesota. At all times relevant herein, Defendant City of Minneapolis acted through its

employees and agents acting within the course and scope of their employment and under color of law.

5.      Defendant Dustin Schwarze is a sworn peace officer employed by the City of Minneapolis Police Department and is sued in his individual and official capacities.

## Jurisdiction and Venue

6.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1343(a)(3), 28 U.SC. § 1331, and 28 U.S.C. § 1367.

7.      Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b).

## Facts

8.      On March 2, 2020, Mr. Burt was occupying his motor vehicle in Minneapolis. At the time of the events alleged herein, Leonard Sampson was a passenger in the front seat of Mr. Burt's vehicle and Mr. Burt was providing Mr. Sampson transportation to a relative's residence.

9.      At approximately 4:30 p.m. that day, Mr. Burt was lawfully parked on the side of the road at or near 1100 Van White Memorial Boulevard in Minneapolis. Without warning, Defendant Schwarze launched a flash-bang grenade at Mr. Burt's vehicle. The grenade shattered the rear window and detonated against Mr. Burt's body, causing him severe burn injuries[1]:

---

[1] All still frames herein are from the body-worn camera of another involved officer.





10. The grenade deployed was a 12-gram powder device manufactured by Defense Technology. The company specifically warns in writing that "improper use of the distraction device unit can result in death or serious bodily injury."

11. Prior to deploying the grenade, Defendant Schwarze and other officers did not know who or what was contained in the vehicle. Following the detonation, one officer asked if the back seat was "good" – presumably meaning clear of any occupants, and another officer commented that he "couldn't see anything with the tint."

12. After deploying the grenade, law enforcement officers pulled Mr. Burt and Mr. Sampson from the vehicle. Despite being seriously injured and not being a suspect of any crime, Mr. Burt was placed in handcuffs. As Mr. Burt was being led away from his vehicle in handcuffs and in pain, Defendant Schwarze and other officers laughed about the incident:



4

13.      While being initially treated at the back of an ambulance on scene, Mr. Burt asked one of the officers what was going on. In response, the officer informed Mr. Burt that the incident had nothing to do with him.

14.      Mr. Burt was then transported by ambulance to the emergency department at Hennepin County Medical Center for treatment of his injuries.

15.      No evidence of any illegal activity was recovered from Mr. Burt's person or vehicle by law enforcement officers, besides a suspected small amount of marijuana.

16.      Defendant Schwarze's use of force was in connection with an attempt to arrest or search Mr. Sampson, for whom law enforcement officers had a search warrant that had been issued on February 28, 2020.

17.      An application for the search warrant, also dated February 28, 2020, requested permission to search Mr. Sampson, and to enter and search Mr. Sampson's residence located more than one mile from the scene of the incident.

18.      The search warrant application sets forth allegations regarding non-violent drug offenses by Mr. Sampson as the justification for the search.

19.      Neither the search warrant nor the application mention Mr. Burt, Mr. Burt's vehicle, or Mr. Burt's residence.

20.      The application requested permission, and the warrant granted permission, to enter Mr. Sampson's residence by way of a daytime unannounced entry. The warrant did not authorize the unannounced entry of any other residence or vehicle.

21.      A "Search Warrant and Risk Assessment" form completed in connection with the warrant indicates, in relevant part: no outbuildings or vehicles fell within the scope of the warrant; the warrant, which authorizes the search of a single location, was used as

5

the basis for searches at multiple locations – Mr. Burt's vehicle and, later that day, the address actually specified in the warrant; and no flash-bang grenades were deployed in connection with the second search.

22. At the time Defendant Schwarze deployed the grenade into Mr. Burt's vehicle, neither he nor any other law enforcement officers had reason to believe Mr. Sampson or Mr. Burt would react violently to law enforcement's execution of the warrant. No reasonable officer would have believed Mr. Sampson or Mr. Burt would have acted in a violent manner.

23. Any reasonable officer would have known that Mr. Burt was an innocent occupant of his own vehicle at the time Defendant Schwarze deployed the grenade. Defendant Schwarze in fact had reason to know Mr. Burt was an innocent occupant of his vehicle. Furthermore, Defendant Schwarze had no information regarding the presence or identity of any other potential occupants of Mr. Burt's vehicle.

24. Upon information and belief, deployment of the flash-bang grenade was in violation of duties imposed under official policies of the Minneapolis Police Department.

25. Upon information and belief, the Minneapolis Police Department and Defendant City of Minneapolis maintained at all times relevant herein a policy, custom, or practice of deploying flash-bang grenades in circumstances prohibited by federal and state law.

26. Alternatively, upon information and belief, the Minneapolis Police Department and Defendant City of Minneapolis maintained at all times relevant herein a mandatory non-discretionary policy requiring officers to visually confirm the area of

deployment is safe for deployment. The interior of an occupied sedan with windows up is never a safe place to deploy a flash-bang grenade.

27. Mr. Burt sustained extensive second and third degree burns to his right arm and chest as a result of the incident, and post-traumatic stress disorder and/or exacerbation of the same.

28. Mr. Burt continues to treat, and medical expenses remain to be determined.

29. Mr. Burt has and will continue to suffer general damages as a result of the incident and his injuries, including past and future pain and suffering, emotional distress, and permanent disfigurement.

30. Mr. Burt, through counsel, submitted a request and multiple follow-up inquiries to Defendant City of Minneapolis for public government data under Minn. Stat. § 13.82, subd. 2, including but not limited to the identities of all officers involved in the March 2nd incident. Defendant City of Minneapolis has failed to provide such data.

31. Mr. Burt therefore brings the following claims for relief.

### Count I
### Excessive Force in Violation of Plaintiff's Fourth Amendment Rights

32. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

33. Defendant Dustin Schwarze, acting under color of law and within the course and scope of his employment with the Minneapolis Police Department and Defendant City of Minneapolis, used force to search and seize Mr. Burt on March 2, 2020, when he deployed and detonated a flash-bang grenade inside Mr. Burt's vehicle.

34. Such use of force was unreasonable and reckless, and violated Mr. Burt's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

35. As a result of Defendant Schwarze's violation of Mr. Burt's constitutional rights, Mr. Burt sustained serious injuries and damages including disfigurement, pain and suffering, emotional distress, and ongoing medical expenses.

36. Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to compensatory damages in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00, and punitive damages under federal law in an amount to be determined at trial and reasonably believed to exceed $5,000,000.00.

## Count II
### Policy, Custom, and Practice of Unlawful Use of Force (*Monell* Claim)

37. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

38. Upon information and belief, Defendant City of Minneapolis maintained at all relevant times herein a policy, custom, or practice of deploying flash-bang grenades without first ascertaining: a) whether the target suspect presents a risk to officer safety; or b) whether there are innocent bystanders who may be injured by the grenade detonation.

39. Upon information and belief, Defendant City of Minneapolis has not taken any steps to incorporate into its police training or policies concerning the deployment of flash-bang grenades the clearly established law regarding such deployment, as set forth in *Z.J. v. Kansas City Board of Police Commissioners et al.*, 931 F.3d 672 (2019) and other cases.

40. Upon information and belief, "Policy 5-503 – Diversionary/Distraction Devices" was the official written policy of Defendant City of Minneapolis regarding the deployment of flash-bang grenades at all times relevant herein.

41. Upon information and belief, Policy 5-503 has not been updated since August 16, 2007.

42. Defendant City of Minneapolis maintained at all times relevant herein a policy, custom, or practice of deploying flash-bang grenades in violation of the Fourth Amendment rights of people in the city.

43. Such policy, custom, or practice was a direct and proximate cause of the unconstitutional actions alleged herein.

44. Such unconstitutional policy, custom, or practice existed, and continued as of March 2, 2020, as a direct result of the willful or reckless failures of Defendant City of Minneapolis and its agents.

45. Mr. Burt sustained serious injuries and damages including disfigurement, pain and suffering, emotional distress, and ongoing medical expenses, as a direct and proximate result of such unconstitutional policy, custom, or practice.

46. Pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), Mr. Burt is therefore entitled to compensatory damages in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00, and punitive damages under federal law in an amount to be determined at trial and reasonably believed to exceed $5,000,000.00.

## Count III
**Negligence and Willful Disregard of Duty (State Tort Claim)**

47. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

48. Upon information and belief, Defendant Dustin Schwarze had mandatory, ministerial, and/or discretionary duties under relevant department policies to ascertain prior to deployment of a flash-bang grenade: a) whether the target suspect presents a

risk to officer safety; and b) whether there are innocent bystanders who may be injured by the grenade detonation.

49. Defendant Schwarze breached these duties when he deployed the flash-bang grenade into Mr. Burt's vehicle. Such breaches were the result of Defendant Schwarze's negligent violation and willful disregard of duties under department policy.

50. Mr. Burt sustained injuries as a result of such breaches.

51. Mr. Burt therefore seeks recovery against Defendant Schwarze for compensatory damages in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00.

52. Defendant City of Minneapolis is vicariously liable on a *respondeat superior* basis for Defendant Schwarze's violations of state tort law, as Defendant Schwarze was within the course and scope of his/her employment at all times relevant herein.

### Count IV
### Violation of the Minnesota Government Data Practices Act

53. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

54. Pursuant to the Minnesota Government Data Practices Act (MGDPA), the data specified under Minn. Stat. § 13.82, subd. 2, including but not limited to the identities of all involved law enforcement officers, is public data.

55. Mr. Burt requested such data pertaining to the events alleged herein from Defendant City of Minneapolis.

56. Defendant City of Minneapolis has not complied with Mr. Burt's request for such data.

57. Defendant City of Minneapolis's failure to comply with Mr. Burt's request constitutes a violation or violations of the MGDPA.

58. Such violation(s) were intentional - Mr. Burt's request was properly submitted, receipt of the request was acknowledged, and Mr. Burt submitted multiple written follow-up inquiries to which Defendant City of Minneapolis has not responded.

59. As a result of Defendant City of Minneapolis's violation(s), Mr. Burt is entitled to relief pursuant to Minn. Stat. § 13.08, including compensatory damages, costs and reasonable attorney fees, and exemplary damages in the amount of $15,000.00 per violation.

## Jury Demand

60. Plaintiff demands a trial by jury on all counts herein, and on any other counts which may hereafter be alleged.

## Prayer for Relief

WHEREFORE, Plaintiff Jerrod Burt respectfully requests the Court grant the following relief:

1. Findings that Defendants City of Minneapolis and Dustin Schwarze violated Mr. Burt's Fourth Amendment rights and are liable to Mr. Burt for his damages and other monetary relief as alleged herein, pursuant to 42 U.S.C. § 1983;

2. Findings that Defendant Dustin Schwarze is liable on Mr. Burt's state tort claim, that Defendant City of Minneapolis is vicariously liable for the same, that Defendants are jointly and severally liable, and that Defendants are liable to Mr. Burt for his damages and other monetary relief as alleged herein;

3. Findings that Defendant City of Minneapolis violated the Minnesota Government Data Practices Act and is liable to Mr. Burt for his damages and other monetary relief as alleged herein;

4.      An award to Mr. Burt for compensatory damages, in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00;

5.      An award to Mr. Burt for punitive damages pursuant to federal law, in an amount to be determined at trial and reasonably believed to exceed $5,000,000.00;

6.      Leave to amend the Complaint to allege punitive damages pursuant to state law;

7.      An award to Mr. Burt for attorney fees pursuant to 42 U.S.C. § 1988;

8.      An award to Mr. Burt for attorney fees, exemplary damages, and other items/costs pursuant to the Minnesota Government Data Practices Act;

9.      An award to Mr. Burt for the costs and expenses incurred in bringing this action, and for prejudgment and post-judgment interest; and

10.     Any further and additional relief the Court deems just and equitable.


                                        Respectfully Submitted,

                                        MESHBESHER & ASSOCIATES, P.A.


Dated: September 30, 2020               s/ Steven J. Meshbesher
                                        Steven J. Meshbesher (# 127413)
                                        Richard E. Student (#390266)
                                        9800 Shelard Parkway, #310
                                        Minneapolis, MN 55441
                                        Phone: (612) 332-2000
                                        *Attorneys for Plaintiff*