## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerrod Burt, | Case No. 20-cv-01165 DSD/KMM |
| Plaintiff, | |
| vs. | **ANSWER TO AMENDED COMPLAINT** |
| City of Minneapolis, and Dustin Schwarze, in His Individual and Official Capacities, | **JURY DEMANDED** |
| Defendants. | |

TO:    Plaintiff above-named and his attorneys, Steven J. Meshbesher and Richard E. Student, Meshbesher & Associates, P.A., 225 Lumber Exchange Building, 10 South Fifth Street, Minneapolis, MN 55402.

For its Answer to Plaintiff's Amended Complaint, Defendant City of Minneapolis ("Defendant") states and alleges as follows:

Unless specifically admitted, qualified, or otherwise pleaded herein, the City denies each and every allegation, matter, and thing in Plaintiff's Amended Complaint.

### Introduction

1.    This action arises out of serious burn and psychological injuries Plaintiff Jerrod Burt ("Plaintiff" or "Mr. Burt" herein) sustained when Defendant

Dustin Schwarze, a sworn officer with the Minneapolis Police Department, detonated a flash-bang grenade inside Mr. Burt's motor vehicle on March 2, 2020.

**ANSWER**: Admit that Officer Schwarze deployed a flash sound distraction device (FSDD) that discharged in the vehicle that Mr. Burt was traveling in on March 2, 2020, and that Mr. Burt sustained burn injuries. Lack sufficient information to admit or deny the extent of injuries sustained by Mr. Burt and so deny on that basis.

2.     Pursuant to federal and state law, Mr. Burt is entitled to recover damages and such other relief as will redress Defendants' unlawful and excessive use of force against him.

**ANSWER**:  Deny.

**Parties**

3.     Jerrod Burt is a resident of Hennepin County, Minnesota.

**ANSWER**:  Lack sufficient information to admit or deny this allegation and so deny on that basis.

4.     Defendant City of Minneapolis is a municipality located in Hennepin County, Minnesota.  At all times relevant herein, Defendant City of Minneapolis acted through its employees and agents acting within the course and scope of their employment and under color of law.

**ANSWER**:  Admit the first sentence. The second sentence contains legal conclusions to which no response is required.

5.     Defendant Dustin Schwarze is a sworn peace officer employed by the City of Minneapolis Police Department, and is sued in his/her individual and official capacities.

**ANSWER**:  Admit that Officer Schwarze is employed by the City of Minneapolis Police Department. The remaining clause contains legal conclusions to which no response is required.

## Jurisdiction and Venue

6.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1343(a)(3), 28 U.S.C. §1331, and 28 U.S.C §1367.

**ANSWER**:   This is a legal conclusion to which no response is required.

7.     Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §139(b).

**ANSWER**:   This is a legal conclusion to which no response is required.

## Facts

8.     On March 2, 2020, Mr. Burt was occupying his motor vehicle in Minneapolis.  At the time of the events alleged herein, Leonard Sampson was a passenger in the front seat of Mr. Burt's vehicle and Mr. Burt was providing Mr. Sampson transportation to a relative's residence.

**ANSWER**:  Admit that Mr. Burt was in the front driver seat of the vehicle at the time of the stop. Admit that Mr. Sampson was in the front passenger seat of the vehicle. Lack knowledge of information sufficient to admit or deny whether Mr. Burt was providing Mr. Sampson transportation to a relative's residence and so deny on that basis.

9.     At approximately 4:30 p.m. that day, Mr. Burt was lawfully parked on the side of the road at or near 1100 Van White Memorial Boulevard in Minneapolis.  Without warning, Defendant Schwarze launched a flash-bang grenade at Mr. Burt's vehicle.  The grenade shattered the rear window and detonated against Mr. Burt's body, causing him severe burn injuries.

**ANSWER**:  Admit the first sentence, with the exception that the City affirmatively alleges that it lacks information as to whether the vehicle was legally parked, but has no information at this time to suggest that it was illegally parked. Admit that Officer Schwarze deployed a flash sound distraction device at the vehicle, that the device penetrated the rear window, and discharged inside the vehicle, causing burn injuries to Mr. Burt. The City lacks information sufficient to admit or deny that the injuries were severe and so denies on that basis.

10.     The grenade employed was a 12-gram powder device manufactured by Defense Technology.   The company specifically warns in writing that

4

"improper use of the distraction device unit can result in death or serious bodily injuries."

**ANSWER**:  Admit.

11.     Prior to deploying the grenade, Defendant Schwarze and other officers did not know who or what was contained in the vehicle.  Following the detonation, one officer asked if the back seat was "good" – presumably meaning clear of any occupants, and another officer commented that he "couldn't see anything with the tint."

**ANSWER**:  Deny that officers did not know who or what was contained in the vehicle. Admit the quoted language. Lack information or knowledge sufficient to admit or deny the presumed meanings and so deny on that basis.

12.     After deploying the grenade, law enforcement officers pulled Mr. Burt and Mr. Sampson from the vehicle.  Despite being seriously injured and not being a suspect of any crime, Mr. Burt was placed in handcuffs.  As Mr. Burt was being led away from his vehicle in handcuffs and in pain, Defendant Schwarze and other officers laughed about the incident.

**ANSWER**:  Admit the gist of the first sentence, but affirmatively allege that Mr. Burt and Mr. Sampson were moving out of the vehicle both of their own accord and at officer direction following deployment of the FSDD. Deny that Mr. Burt was not a suspect of any crime. Affirmatively allege that the final

5

sentence of this allegation and pictures irresponsibly mischaracterize the nature of the officers' response, and deny the implication that officers laughed or found amusement in injury.

13.    While being initially treated at the back of an ambulance on scene, Mr. Burt asked one of the officers what was going on.  In response, the officer informed Mr. Burt that the incident had nothing to do with him.

**ANSWER**:  The City has not been able to confirm the verbatim discussion described in the second sentence, but admits that Mr. Burt was informed that he was not the subject of the investigation.

14.    Mr. Burt was then transported by ambulance to the emergency department at Hennepin County Medical Center for treatment of his injuries.

**ANSWER**:  Admit that Mr. Burt was transported by ambulance. Lack knowledge or information sufficient to admit or deny what occurred at Hennepin County Medical Center and so denies on that basis.

15.    No evidence of any illegal activity was recovered from Mr. Burt's person or vehicle by law enforcement officer, besides a suspected small amount of marijuana.

**ANSWER**:  Deny.

16.    Defendant Schwarze's use of force was in connection with an attempt to arrest or search Mr. Sampson, for whom law enforcement officers had a search warrant that had been issued on February 28, 2020.

**ANSWER**:  Admit that the FSDD was deployed in connection with an attempt to arrest or search Mr. Sampson. Deny the implication, if any, that officers lacked probable cause for the arrest of Mr. Burt.

17.    An application for the search warrant, also dated February 28, 2020, requested permission to search Mr. Sampson, and to enter and search Mr. Sampson's residence located more than one mile from the scene of the incident.

**ANSWER**:  Admit.

18.    The search warrant application sets forth allegations regarding non-violent drug offenses by Mr. Sampson as the justification for the search.

**ANSWER**:  Admit that the search warrant application sets forth the described allegations. If implied, then the City denies the implication that these were the only allegations in the search warrant application.

19.    Neither the search warrant nor the application mention Mr. Burt, Mr. Burt's vehicle, or Mr. Burt's residence.

**ANSWER**:  Admit.

20.    The application requested permission, and the warrant granted permission, to enter Mr. Sampson's residence by way of a daytime unannounced

entry.   The warrant did not authorize the unannounced entry of any other residence or vehicle.

**ANSWER**:  Admit.

21.    A "Search Warrant and Risk Assessment" form completed in connection with the warrant indicates, in relevant part: no outbuildings or vehicles fell within the scope of the warrant; the warrant, which authorizes the search of a single location, was used as the basis for searches at multiple locations – Mr. Burt's vehicle and, later that day, the address actually specified in the warrant; and no flash-bang grenades were deployed in connection with the second search.

**ANSWER**: Affirmatively allege that the "Search Warrant and Risk Assessment" form speaks for itself. Admit that officers apprehended and searched Mr. Sampson outside of his apartment. Admit that, following apprehension of Mr. Sampson, the officers did not deploy an FSDD on entry to his apartment.

22.    At the time Defendant Schwarze deployed the grenade into Mr. Burt's vehicle, neither he nor any other law enforcement officers had reason to believe Mr. Sampson or Mr. Burt would react violently to law enforcement's execution of the warrant.   No reasonable officer would have believed Mr. Sampson or Mr. Burt would have acted in a violent manner.

**ANSWER**:  Deny.

23.     Any reasonable officer would have known that Mr. Burt was an innocent occupant of his own vehicle at the time Defendant Schwarze deployed the grenade.  Defendant Schwarze in fact had reason to know Mr. Burt was an innocent occupant of his vehicle.  Furthermore, Defendant Schwarze had no information regarding the presence or identity of any other potential occupants of Mr. Burt's vehicle.

**ANSWER**:  Deny.

24.     Upon information and belief, deployment of the flash-bang grenade was in violation of duties imposed under official policies of the Minneapolis Police Department.

**ANSWER**:  This allegation states a legal conclusion to which no response is required.

25.     Upon information and belief, the Minneapolis Police Department and Defendant City of Minneapolis maintained at all times relevant herein a policy, custom, or practice of deploying flash-bang grenades in circumstances prohibited by federal and state law.

**ANSWER**:  Deny.

26.     Alternatively, upon information and belief, the Minneapolis Police Department and Defendant City of Minneapolis maintained at all times relevant

herein a mandatory non-discretionary policy requiring officers to visually confirm the area of deployment is safe for deployment. The interior of an occupied sedan with windows up is never a safe place to deploy a flash-bang grenade.

**ANSWER**: Defendant was unable to confirm the policy language in the first sentence in policy section 5-503 governing use of FSDDs, and affirmatively alleges that policy speaks for itself. Deny any implication that there was an intention to deploy an FSDD in the interior of a vehicle, and affirmatively allege that an FSDD can be deployed safely on the exterior of a vehicle.

27.     Mr. Burt sustained extensive second and third degree burns to his right arm and chest as a result of the incident, and post-traumatic stress disorder and/or exacerbation of the same.

**ANSWER**: Lack information or knowledge sufficient to form a belief as to this allegation and so deny on that basis.

28.     Mr. Burt continues to treat, and medical expenses remain to be determined.

**ANSWER**: Lack information or knowledge sufficient to form a belief as to this allegation and so deny on that basis.

29.     Mr. Burt has and will continue to suffer general damages as a result of the incident and his injuries, including past and future pain and suffering, emotional distress, and permanent disfigurement.

**ANSWER**:  Lack information or knowledge sufficient to form a belief as to this allegation and so deny on that basis.

30.     Mr. Burt, through counsel, submitted a request and multiple follow-up inquires to Defendant City of Minneapolis for public government data under Minn. Stat. §13.82, subd. 2, including but not limited to the identities of all officers involved in the March 2nd incident.  Defendant City of Minneapolis has failed to provide such data.

**ANSWER**:  Admit the first sentence. Deny the second, and affirmatively allege that the City of Minneapolis provided the public data available.

31.     Mr. Burt therefore brings the following claims for relief.

**ANSWER**:  This allegation is not susceptible of response.

**Count I**
**Excessive Force in Violation of Plaintiff's Fourth Amendment Rights**

32.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

**ANSWER**:  This allegation is not susceptible of response. To the extent necessary, the City restates and realleges its responses.

33.     Defendant Dustin Schwarze, acting under color of law and within the course and scope of his employment with the Minneapolis Police Department and Defendant City of Minneapolis, used force to search and seize Mr. Burt on March 2, 2020, when he deployed and detonated a flash-bang grenade inside Mr. Burt's vehicle.

**ANSWER**:  The first clause states a legal conclusion to which no response is required. The City admits that Officer Schwarze used force to search and seize Mr. Burt on March 2, 2020, in deploying an FSDD.

34.     Such use of force was unreasonable and reckless, and violated Mr. Burt's right under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

**ANSWER**:  Deny.

35.     As a result of Defendant Schwarze's violation of Mr. Burt's constitutional rights, Mr. Burt sustained serious injuries and damages including disfigurement, pain and suffering, emotional distress, and ongoing medical expenses.

**ANSWER**:  Deny the allegation of a violation of constitutional rights. Lack information or knowledge sufficient to form a belief as to injuries sustained by Mr. Burt and so deny on that basis.

36.    Pursuant to 42 U.S.C. §1983, Plaintiff is entitled to compensatory damages in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00, and punitive damages under federal law in an amount to be determined at trial and reasonably believed to exceed $5,000,000.00.

**ANSWER**:  Deny.

**Count II**
**Policy, Custom, and Practice of Unlawful Use of Force (*Monell* Claim)**

37.    Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

**ANSWER**:  This allegation is not susceptible of response. To the extent necessary, the City restates and realleges its responses.

38.    Upon information and belief, Defendant City of Minneapolis maintained at all relevant times herein a policy, custom, or practice of deploying flash-bang grenades without first ascertaining: a) whether the target suspect presents a risk to officer safety; or b) whether there are innocent bystanders who may be injured by the grenade detonation.

**ANSWER**:  Deny.

39.    Upon information and belief, Defendant City of Minneapolis has not taken any steps to incorporate into its police training or policies concerning the deployment of flash-bang grenades the clearly established law regarding such

deployment, as set forth in *Z. J. v. Kansas City Board of Commissioners et al.*, 931 F. 3d 672 (2019) and other cases.

**ANSWER**:  Deny.

40. Upon information and belief, "Policy 5-503 – Diversionary/Distraction Devices" was the official written policy of Defendant City of Minneapolis regarding the deployment of flash-bang grenades at all times relevant herein.

**ANSWER**:  Admit.

41. Upon information and belief, Policy 5-503 has not been updated since August 16, 2007.

**ANSWER**:  Admit.

42. Defendant City of Minneapolis maintained at all times relevant herein a policy, custom, or practice of deploying flash-bang grenades in violation of the Fourth Amendment rights of people in the city.

**ANSWER**:  Deny.

43. Such policy, custom, or practice was a direct and proximate cause of the unconstitutional actions alleged herein.

**ANSWER**:  Deny.

44.    Such unconstitutional policy, custom, or practice existed, and continued as of March 2, 2020, as a direct result of the willful or reckless failures of Defendant City of Minneapolis and its agents.

**ANSWER**:  Deny.

45.    Mr. Burt sustained serious injuries and damages including disfigurement, pain and suffering, emotional distress, and ongoing medical expenses, as a direct and proximate result of such unconstitutional policy, custom, or practice.

**ANSWER**:  Deny.

46.    Pursuant to 42 U.S.C. §1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), Mr. Burt is therefore entitled to compensatory damages in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00, and punitive damages under federal law in an amount to be determined at trial and reasonably believed to exceed $5,000,000.00.

**ANSWER**:  Deny.

## Count III
### Negligence and Willful Disregard of Duty (State Tort Claim)

47.    Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

**ANSWER**: This allegation is not susceptible of response. To the extent necessary, the City restates and realleges its responses.

48.     Upon information and belief, Defendant Dustin Schwarze had mandatory, ministerial, and/or discretionary duties under relevant department policies to ascertain prior to deployment of a flash-bang grenade: a) whether the target suspect presents a risk to officer safety; and b) whether there are innocent bystanders who may be injured by the grenade detonation.

**ANSWER**: This is a legal conclusion to which no response is required.

49.     Defendant Schwarze breached these duties when he deployed the flash-bang grenade into Mr. Burt's vehicle. Such breaches were the result of Defendant Schwarze's negligent violation and willful disregard of duties under department policy.

**ANSWER**: Deny.

50.     Mr. Burt sustained injuries as a result of such breaches.

**ANSWER**: Admit that Mr. Burt sustained injury. Deny that injury was the result of breaches of duty.

51.     Mr. Burt therefore seeks recovery against Defendant Schwarze for compensatory damages in an amount to be determined at trial and reasonably believed to exceed $1,000,000.00.

**ANSWER**: Deny that Mr. Burt is entitled to recovery.

52.     Defendant City of Minneapolis is vicariously liable on a *respondeat superior* basis for Defendant Schwarze's violations of state tort law, as Defendant Schwarze was within the course and scope of his/her employment at all times relevant herein.

**ANSWER**: Deny violations of law for which Minneapolis may be responsible. The statement about course and scope of employment is a legal conclusion to which no response is required.

### Count IV
### Violation of the Minnesota Government Data Practices Act

53.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

**ANSWER**:  This allegation is not susceptible of response. To the extent necessary, the City restates and realleges its responses.

54.     Pursuant to the Minnesota Government Data Practices Act (MGDPA), the data specified under Minn. Stat. §13.82, subd. 2, including but not limited to the identities of all involved law enforcement officers, is public data.

**ANSWER**:  This is a legal conclusion to which no response is required.

55.     Mr. Burt requested such data pertaining to the events alleged herein from Defendant City of Minneapolis.

**ANSWER**:  Admit that Mr. Burt, through his attorneys, requested data related to his arrest.

17

56.     Defendant City of Minneapolis has not complied with Mr. Burt's request for such data.

**ANSWER**:  Deny. Affirmatively allege that the City produced data that were public when requested.

57.     Defendant City of Minneapolis's failure to comply with Mr. Burt's request constitutes a violation or violations of the MGDPA.

**ANSWER**:  Deny.

58.     Such violation(s) were intentional – Mr. Burt's request was properly submitted, receipt of the request acknowledged, and Mr. Burt submitted multiple written follow-up inquiries to which Defendant City of Minneapolis has not responded.

**ANSWER**: Admit that the request was submitted, receipt was acknowledged, and follow-up inquiries were received. Otherwise deny.

59.     As a result of Defendant City of Minneapolis's violation(s), Mr. Burt is entitled to relief pursuant to Minn. Stat. §13.08, including compensatory damages, costs and reasonable attorney fees, and exemplary damages in the amount of $15,000.00 per violation.

**ANSWER**:  Deny.

### Jury Demand

60.     Plaintiff demands a trial by jury on all counts herein, and on any other counts which may hereafter be alleged.

**ANSWER**:   No response is required.

**Affirmative Defenses**

1.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by the actions of those over whom the City exercises no right of control, and for whose actions the City is not legally responsible.

3.     Alleges that Defendant is immune from liability in this action under the provisions of Minn. Stat. §466.03, subd. 5, in that Plaintiff's claims are claims based upon an act or omission of an officer or employee, exercising due care, in the execution of a valid or invalid statute, charter, ordinance, resolution, or rule.

4.     Alleges that Defendant is immune from liability in this action under the provisions of Minn. Stat. §466.03, subd. 6, in that Plaintiff's claims are claims based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

5.     Alleges that Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own acts or the acts of those over

whom these Defendants exercises no right of control and for whose actions Defendants are not legally responsible.

6.    Alleges that the Defendant Officer has official immunity from suit in performance of a discretionary act without willful or malicious violation of law.

7.    Alleges that Plaintiff's injuries and damages, if any, were caused, contributed to, or worsened by Plaintiff's failure to mitigate alleged injuries and/or damages.

8.    Alleges that use of force was privileged under the common law and/or under Minn. Stat. § 609.06 and therefore Defendant is vicariously immune.

9.    Alleges that the acts upon which the Amended Complaint is made were privileged, were based upon probable cause to believe the Plaintiff participated in commission of a criminal offense, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances, such that the City of Minneapolis, if it is vicariously liable for any such acts, is vicariously immune.

10.   Alleges that the Amended Complaint fails to state a claim for relief for punitive damages.

11.   Alleges that at all times complained of by Plaintiff, Defendant acted reasonably and without malice, negligence or recklessness as to Plaintiff.

WHEREFORE, Defendant prays for an Order of this Court as follows:

    a.      Dismissing Plaintiff's Amended Complaint on the merits and with prejudice in its entirety;

    b.      Awarding Defendant all reasonable costs, disbursements and attorneys' fees to the fullest extent allowed by law; and

    c.      For such other and further relief as this Court deems appropriate.

JURY TRIAL DEMANDED.

Dated:  October 16, 2020

JAMES R. ROWADER, JR.
City Attorney
By

*/s/ Ivan Ludmer*
IVAN LUDMER (#389498)
Assistant City Attorney
City Hall, Room 210
350 South Fifth Street
Minneapolis, MN  55415
(612) 673-2448
ivan.ludmer@minneapolismn.gov

*Attorneys for Defendants Dustin Schwarze*
*and the City of Minneapolis*

21